IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GOLDEN TRIANGLE CONSTRUCTION      )
COMPANY, INC., TRANSCONTINENTAL )
INSURANCE COMPANY,                )
                                  )
            Plaintiffs,           )
                                  )
        v.                        )  Civil Action No. 05-1164
                                  )
UNITED RENTALS, INC., UNITED      )  Chief Judge Donetta W. Ambrose
STATES FIDELITY AND GUARANTY      )  Magistrate Judge Amy Reynolds Hay
COMPANY, COMMONWEALTH OF          )
PENNSYLVANIA, DEPARTMENT OF       )
TRANSPORTATION,                   )
                                  )
            Defendants.           )

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

        It is respectfully submitted that the Motion to Remand

(doc. 4) filed by the defendant Commonwealth of Pennsylvania,

Department of Transportation, should be denied.

II.  REPORT

        The plaintiffs, Golden Triangle Construction Company,

Inc. ("Golden Triangle"), and Transcontinental Insurance Company

("Transcontinental"), filed the instant declaratory judgment

action against the defendants, United Rentals, Inc. ("United

Rentals"), United States Fidelity and Guaranty Company ("USF&G"),

and the Commonwealth of Pennsylvania, Department of

Transportation ("PennDOT"), in the Court of Common Pleas of

Westmoreland County, seeking a declaration that, *inter alia*, United Rentals and USF&G owe Golden Triangle a defense and indemnification in an underlying motor vehicle accident case pending against Golden Triangle, United Rentals and PennDOT in the Court of Common Pleas of Westmoreland County.[1]

The underlying motor vehicle accident case arose out of an accident on December 14, 2000, on State Route 22 at a roadway and bridge reconstruction project site at which Golden Triangle was a prime contractor and United Rentals was a subcontractor and purportedly responsible for placement of channeling devices to keep traffic out of closed lanes of traffic.[2]  The single vehicle accident is alleged to have occurred because of improperly spaced construction barrels that created an impression of a roadway exit when in fact one did not exist.[3]  As the driver and his passenger entered what appeared to be an exit, the vehicle slid on an icy patch, struck a piece of metal protruding from the roadway which deflated one of the tires causing the driver to lose control and crash into a utility pole.[4]

---

[1]    Notice of Removal, Ex. A (docket no. 1).

[2]    Complaint in Civil Action, No. 6699 of 2002 (docket no. 13, ¶¶ 12, 16-27).

[3]    Id. at ¶¶ 17-18.

[4]    Id. at ¶¶ 19-20.

Golden Triangle and Transcontinental filed the declaratory judgement action against United Rentals, USF&G and PennDOT in the Court of Common Pleas of Westmoreland County.[5]  On August 18, 2005, United Rentals removed the declaratory judgment action to this court on the basis of diversity.[6]  The citizenship of the parties is alleged to be as follows.  Plaintiff Golden Triangle is a Pennsylvania corporation with its principal place of business in Imperial, Pennsylvania.  Transcontinental is a company doing business in Pennsylvania with offices located in York, Pennsylvania.  United Rentals is a Delaware corporation with a principal place of business at 5 Greenwich Office Park, Greenwich, Connecticut.  USF&G is a Maryland corporation with a registered office in Baltimore, Maryland.  PennDOT is a governmental agency of the Commonwealth of Pennsylvania with a principal place of business in Harrisburg, Pennsylvania; PennDOT is specifically named in both the declaratory judgment suit and the underlying motor vehicle accident as a nominal party.[7]

The instant suit for declaratory judgment consists of two counts.  The first count sets forth a claim for defense and

[5]    See Notice of Removal, Ex. A Action for Declaratory Judgment (GD No. GD-05-16124)(docket no. 1).

[6]    Id.

[7]    Id.

indemnification against defendant United Rentals.  The second count sets forth a claim for defense and indemnification against defendant USF&G.  There are no counts in the declaratory judgment suit directed against PennDOT.[8]

Presently before the Court for disposition is the motion to remand filed by PennDOT.  PennDOT argues that it is entitled to the protections of the Eleventh Amendment, which bars suit against the state in federal court.[9]  Additionally, PennDOT argues that its presence in this suit destroys diversity jurisdiction.[10]  United Rentals and USF&G assert that because PennDOT is a nominal party, the Court should disregard PennDOT's citizenship in determining if removal was proper pursuant to diversity jurisdiction.  As well, United Rentals and USF&G assert that because PennDOT is a nominal party, the Court should

---

[8]   Id.

[9]   The Eleventh Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S.CONST. amend. XI.

[10]  Section 1332(a) of Title 28, United States Codes set forth the diversity jurisdiction of the federal courts.  Section 1332(a) provides in pertinent part that, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States."

4

disregard the Eleventh Amendment's prohibition of suits against the state in federal court.

When removing a case to federal court, the removing party bears the burden of establishing federal jurisdiction. Mallalieu-Golden Ins. Agency, Inc. v. Executive Risk Indemnity, Inc., 254 F.Supp.2d 521, 523 (M.D.Pa. 2003)(citing Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990). Generally, a defendant may remove to federal court any civil action brought in state court where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. §§ 1332(a)(1), 1441(a). Diversity jurisdiction does not exist, however, unless "'each defendant is a citizen of a different State from each plaintiff.'" Bumberger v. Insurance Company of North America, 952 F.2d 764, 767 (3d Cir. 1991)(quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).

It is well settled that a state is not a citizen within the meaning of the diversity statute. Moor v. Alameda County, 411 U.S. 693 (1973). An action brought by a citizen of one state against another state is not cognizable under § 1332 and may only be brought if the proceeding arises under the Constitution, laws or treaties of the United States. Ramada Inns, Inc. v. Rosemount

5

<u>Memorial Park Ass'n</u>, 598 F.2d 1303, 1306 (3d Cir. 1979)(internal quotation and citation omitted).  Accordingly, if the Commonwealth of Pennsylvania (PennDOT) is a real party in interest, this Court would be without diversity jurisdiction to entertain the instant suit.  <u>Id.</u>

As noted, PennDOT is denominated as a nominal party in Golden Triangle's complaint for declaratory judgment as well as in the underlying motor vehicle accident case.  A nominal party is one without a real interest in the litigation.  <u>Bumberger</u>, 952 F.2d at 767.  Stated differently, a nominal party is one that is "neither necessary nor indispensable to join in the action." <u>Mallalieu-Golden</u>, 254 F.Supp.2d at 524-25 (<u>quoting</u> <u>Farias v.</u> <u>Bexar County Bd. of Trustees for Mental Health Mental Retardation</u> <u>Services</u>, 925 F.2d 866, 871 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 866 (1991)).

Rule 19 of the Federal Rules of Civil Procedure sets forth the factors a Court should consider to determine whether a party is necessary and indispensable for a just adjudication of an action.  According to Rule 19, a party is necessary if

> (1) in the person's absence complete relief cannot
> be accorded among those already parties, or (2)
> the person claims an interest relating to the
> subject of the action and is so situated that the
> disposition of the action in the person's absence
> may (I) as a practical matter impair or impede the

> person's ability to protect that interest or (ii)
> leave any of the persons already parties subject
> to a substantial risk of incurring double,
> multiple, or otherwise inconsistent obligations by
> reason of the claimed interest.

Fed.R.Civ.P. 19(a).  By definition, if a party is not "necessary" to the proceedings, the party is not "indispensable." Mallalieu-Golden, 254 F.Supp. 2d at 525.  Applying these factors to the instant case, PennDOT is not a necessary or indispensable party: PennDOT does not have a legal interest at stake in the declaratory judgment action, no claim is asserted against PennDOT in that action, and relief can be accorded solely among the plaintiffs and United Rentals and USF&G in that action.

It is clear that when considering diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).  As well, the same analysis is applied to the question of Eleventh Amendment prohibition.

> Whether a particular case involves a question of
> diversity jurisdiction, or Eleventh Amendment
> prohibition, the initial inquiry is the same: is
> the state a real party in interest to the
> litigation?  That a state, a state agency, or its
> officers may have been named as parties defendant
> in an action is not dispositive of this question
> because such a determination can only be derived
> from the essential nature and effect of the
> proceeding.

7

<u>Ramada Inns, Inc.</u>, 598 F.2d at 1306 (internal quotation and citations omitted).  As discussed, the essential nature and effect of the declaratory judgment action simply does not involve the nominal defendant, PennDOT.  The district court should disregard PennDOT's citizenship and conclude that removal on the basis of diversity of citizenship was proper, and the district court should disregard the Eleventh Amendment's prohibition of suits against the state in federal court under the circumstances of this case.  Accordingly, the district court should deny PennDOT's motion to remand (doc. 4).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   1 February, 2006.

8

cc:  Hon. Donetta W. Ambrose
     Chief U.S. District Court Judge

     Anthony J. Williott, Esquire
     Brett W. Farrar, Esquire
     Dickie, McCamey & Chilcote
     Two PPG Place
     Suite 400
     Pittsburgh, PA 15222-5402

     John F. Deasy, Esquire
     Marshall, Dennehey, Warner, Coleman & Goggin
     600 Grant Street, USX Tower
     Suite 2900
     Pittsburgh, PA 15219

     Avrum Levicoff, Esquire
     Levicoff, Silko & Deemer, P.C.
     Centre City Tower, Suite 1900
     650 Smithfield Street
     Pittsburgh, PA 15222-3911