IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLDEN TRIANGLE CONSTRUCTION COMPANY, INC., TRANSCONTINENTAL INSURANCE COMPANY, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 05-1164 |
| UNITED RENTALS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, ) ) ) ) ) ) ) | Chief Judge Donetta W. Ambrose Magistrate Judge Amy Reynolds Hay |
| Defendants. ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully submitted that the Motion for Stay of Proceedings (doc. 19) filed by the plaintiffs should be denied and the case dismissed since it is not ripe for review.

REPORT

The above-captioned case was initiated by the filing of an action for declaratory judgment in the Court of Common Pleas of Allegheny County on July 13, 2005. In that action, plaintiffs sought defense and indemnification from United Rentals, Inc. and United States Fidelity & Guaranty Company ("USF&G") in connection with a lawsuit which arose out of a motor vehicle accident on December 14, 2000 (the "Underlying Suit"). United Rentals, Inc. removed the action to federal district court on the basis of diversity jurisdiction. Thereafter,

USF&G filed a Motion for Judgment on the Pleadings (doc. 15), which remains pending before this court.[1]

In response to USF&G's motion, the plaintiffs filed the instant Motion for Stay of Proceedings. In their motion, plaintiffs assert that, by way of a letter dated September 23, 2005, and received by plaintiffs on October 12, 2005, United Rentals agreed to assume the defense of the Underlying Suit, subject to a complete and full reservation of its rights to later deny coverage, withdraw its defense and/or seek a declaration by the court as to whether or not the claims are covered under the policy. Plaintiffs further concede that a declaration on the obligation of United Rentals, Inc. and/or USF&G to defend the Underlying Suit is no longer needed and further litigation in this case is unnecessary at this time. Nevertheless, the plaintiffs seek to stay this case rather than dismiss it pending the outcome of the Underlying Suit and any action the defendants may take under their reservation of rights.

Article III, Section 2 of the Constitution of the United States "limits federal jurisdiction to actual 'cases' and 'controversies.' " Armstrong World Industries, Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992). The Declaratory Judgment Act does not relax this constitutional requirement. Skelly Oil Co. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). "Basically the question in each [Declaratory Judgment Act] case is whether the facts alleged,

---

[1] USF&G argues that it insured United Rentals, Inc. under a commercial general liability insurance policy, under which Golden Triangle was an additional insured, and pursuant to the terms of which any duty of USF&G to pay damages or defend suit is subject to a $1 million self-funded retention and, thus, USF&G has no duty to Golden Triangle unless and until the $1 million self-funded retention has been exhausted, which has not occurred. Accordingly, USF&G argues that the case presents "an unripe, unjusticiable non-controversy" as between plaintiffs and USF&G, thereby depriving the court of Article II jurisdiction over those claims. Doc. 16, p. 7. Given the disposition recommended on the plaintiffs' motion for stay, we do not reach USF&G's motion.

under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Travelers Insurance Company v. Obusek</u>, 72 F.3d 1148, 1154 (3d Cir. 1995).

Within the Third Circuit, to satisfy Article III's case or controversy requirement, "an action must present (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution." <u>Armstrong World Industries, Inc.</u>, 961 F.2d at 411 (internal quotation and citation omitted). The doctrine of ripeness further defines the limits of federal jurisdiction. <u>Id.</u> Ripeness determines when a proper party may bring an action. <u>Id.</u>

In determining whether an action is ripe for review, the courts focus on "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." <u>Abbott Lab. v. Gardner</u>, 387 U.S. 136, 149 (1967). "In the declaratory judgment context we have refined this test because of the difficulty in defining ripeness in actions initiated before an 'accomplished' injury is established. We focus instead on the adversity of interest between the parties, the conclusivity that a declaratory judgment would have on the legal relationship between the parties, and the practical help, or utility, of a declaratory judgment. ... Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." <u>Armstrong World Industries, Inc.</u>, 961 F.2d at 411-12 (internal quotations and citations omitted).

As noted, the plaintiffs here have conceded that there is no longer a need for a declaration of the obligation of United Rental, Inc. and/or USF&G to defend the Underlying Suit inasmuch as United Rentals has already assumed the defense in that action.  Plaintiffs assert that although further litigation of this action "would be a waste of judicial resources and those of the parties," doc. 19, p. 3, they nevertheless seek to stay the action rather than dismiss it since there are issues that purportedly remain unresolved at this juncture: whether United Rentals will reimburse Transcontinental Insurance Company for the legal fees paid on behalf of Golden Triangle; whether United Rentals will continue to defend Golden Triangle in the Underlying Suit; and whether United Rentals will settle or pay any judgment in the Underlying Suit.  In our view, what remains of the initial declaratory judgment action is based on a contingency, i.e., United Rentals exercising its rights under the reservation of rights clause.  As such, it appears that the parties' interests are not sufficiently adverse to give rise to a case or controversy within the meaning of Article III.  Accordingly, the district court should deny the plaintiffs' Motion for Stay of Proceedings (doc. 19) and dismiss the case in its entirety.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        /s/ Amy Reynolds Hay
        AMY REYNOLDS HAY
        United States Magistrate Judge

Dated:   20 April, 2006

cc:   Anthony J. Williott, Esquire
   Brett W. Farrar, Esquire
   Dickie, McCamey & Chilcote
   Two PPG Place
   Suite 400
   Pittsburgh, PA 15222-5402

   John F. Deasy, Esquire
   Marshall, Dennehey, Warner, Coleman & Goggin
   600 Grant Street, USX Tower
   Suite 2900
   Pittsburgh, PA 15219

   Avrum Levicoff, Esquire
   Levicoff, Silko & Deemer, P.C.
   Centre City Tower, Suite 1900
   650 Smithfield Street
   Pittsburgh, PA 15222-3911

   Thomas L. Donohoe, Sr. Deputy Attorney General
   Kemal Mericli, Sr. Deputy Attorney General
   Fifth Floor, Manor Complex
   564 Forbes Avenue
   Pittsburgh, PA 15219